IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COREY D. WASHINGTON,<br><br>    Petitioner,<br><br>v.<br><br>ROBERT MAY, Warden, and<br>ATTORNEY GENERAL OF THE<br>STATE OF DELAWARE,<br><br>    Respondents. | Civil Action No. 22-1299-GBW |

**MEMORANDUM**

I. **BACKGROUND**

In February 2001, a Delaware Superior Court jury convicted Petitioner Corey D. Washington ("Petitioner") of one count of possession of cocaine with intent to deliver, one count of maintaining a vehicle, two counts of possession of cocaine within 1000 feet of a school, one court of resisting arrest, one count of driving with a suspended or revoked license, and one count of possession of drug paraphernalia. *See Washington v. State*, 284 A.3d 725 (Table), 2022 WL 4242151, at *1 (Del. Sept. 14, 2022). The Superior Court sentenced Petitioner as a habitual offender to life imprisonment plus nine years. *See Washington*, 2022 WL

4242151, at *1. The Delaware Supreme Court affirmed Petitioner's convictions and sentence on March 18, 2002. *See Washington v. State*, 793 A.2d 311 (Table), 2002 WL 440253, at *1 (Del. Mar. 18, 2002).

Thereafter, Petitioner filed two motions for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motions") – one in 2003 and one in 2005 – which were denied. *See Washington v. State*, 940 A.2d 946 (Table), 2007 WL 4110636, at *1 (Del. Nov. 20, 2007). Petitioner only appealed the denial of his second Rule 61 motion, and the Delaware Supreme Court affirmed that denial on November 20, 2007. *See id*. at *2.

In October 2017, the Superior Court granted Petitioner's request for a certificate of eligibility to file a petition to modify Petitioner's habitual offender sentence under 11 Del. C. § 4214(f). *See Washington*, 2022 WL 4242151, at *1. The Superior Court granted the petition on December 11, 2018, and reduced Petitioner's life sentence for possession of cocaine with intent to deliver to thirty-five years of Level V incarceration, suspended after fifteen years for decreasing levels of supervision. *See id*. The remainder of Petitioner's sentence was unchanged. *Id*.

On May 4, 2022, Petitioner filed a Rule 35 motion for correction of an illegal sentence. *See Washington*, 2022 WL 4242151, at *1. The Superior Court

2

denied the Rule 35 motion on May 11, 2022 for being repetitive and because the sentence was appropriate for the reasons set forth at sentencing. *See id.* The Delaware Supreme Court affirmed the Superior Court's judgment on September 14, 2022. *See id.* at *2.

In October 2022, Petitioner filed the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") presently pending before the Court. (D.I. 1) Petitioner contends that the Delaware state courts violated his Eighth and Fourteenth Amendment rights by failing to retroactively apply Delaware's 2011 Ned Carpenter Act[1] to his case when denying his Rule 35 motion to modify his sentence. According to Petitioner, his sentences for possession of cocaine with intent to deliver (thirty-five years of Level V incarceration suspended after fifteen years) and two counts of possession within 1000 feet of a school (two years of Level V incarceration for each count) are illegal because the Ned Carpenter Act eliminated or modified those offenses in 2011. (D.I. 1 at 9; D.I. 1-1 at 26)

---

[1] Delaware enacted the Ned Carpenter Act in 2011. *See Ayala v. State*, 204 A.3d 829, 838 (Del. 2019). "The Act eliminated the offenses of possession near a park and maintaining a dwelling but did not apply retroactively to any violation that occurred prior to September 1, 2011." *Id.* at 838-39.

3

## II. STANDARD OF REVIEW

A district court may entertain a petition for a writ of habeas corpus on behalf of someone in custody pursuant to the judgment of a state court only on the ground that his custody violates the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is well-settled that "[s]tate courts are the ultimate expositors of state law,"[2] and claims based on errors of state law are not cognizable on habeas review. *See Estelle*, 502 U.S. at 67-68. Notably, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.

## III. DISCUSSION

Although presented in terms of the Eighth and Fourteenth Amendments, Petitioner's challenge to the Delaware state courts' denial of his Rule 35 motion for correction of sentence alleges a state law claim that is not cognizable on federal habeas relief because Petitioner's ultimate criticism is with the Delaware state courts' analysis and application of a state law in a state collateral proceeding. *See Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) (holding that the "federal role in reviewing an application for habeas corpus is limited to evaluating what

---

[2]*Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).

occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's **collateral** proceeding does not enter into the habeas proceeding.") (emphasis in original); *see also Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004) ("alleged errors in [state] collateral proceedings . . . are not a proper basis for habeas relief"). Accordingly, the Court concludes that summary dismissal of the instant Petition is appropriate.

## IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: April 14, 2023

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE